IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ALLEN A. ADAMS,<br><br>                  Petitioner<br><br>VS.<br><br>VICTOR WALKER, Warden,<br><br>                  Respondent | NO. 5:08-CV-123(CAR)<br><br>Proceeding Under 28 U.S.C. §2254<br>Before the U.S. Magistrate Judge |

## ORDER AND RECOMMENDATION

Petitioner ALLEN A. ADAMS has filed the petition herein seeking federal habeas corpus relief from a 1992 Putnam County case wherein he entered a guilty plea and was given two life sentences as well as a 2007 Putnam County case wherein he also entered a guilty plea and was sentenced to seven (7) years probation and banishment from Putnam County. Tab #1. Respondent VICTOR WALKER has filed an Response (Tab #24) as well as a motion seeking to dismiss the petition (Tab #25). Petitioner ADAMS was ordered to and has filed a Response to the respondent's motion. Tab #34.

### PROCEDURAL BACKGROUND

**1992 Plea and Judgment of Conviction**

In 1992, petitioner ADAMS pled guilty to two violations of the Georgia Controlled Substances Act. Petitioner was sentenced thereon to two life sentences. In December of 1999, he filed a *state* habeas corpus petition in the Superior Court of Tatnall County, Georgia challenging the 1992 Putnam County guilty plea convictions as well as a separate parole revocation. Unsuccessful at the state level, petitioner ADAMS next waited until March 19, 2003 to file a *federal* habeas action also challenging the 1992 convictions. The federal action was filed in this court and is docketed as *Adams v. Smith*, 5:03-CV-128-2 (WDO). Upon review of that *federal* petition, the court dismissed the action *with prejudice* as untimely filed under the provisions of the AEDPA.

**2007 Plea and Judgment of Conviction**

On February 21, 2007, petitioner ADAMS pled guilty to another violation of the Georgia Controlled Substances Act. He was sentenced to a seven (7) year term of probation to run consecutively to his existing sentences as well as banishment from Putnam County following his release from prison. Petitioner did not pursue a direct appeal. Instead, he filed a motion with the trial court seeking to reduce his sentence; this motion was denied on December 18, 2007. Petitioner later filed an untimely application for discretionary appeal with the Georgia Court of Appeals which was subsequently denied for lack of jurisdiction. Rather than pursuing the matter by filing a *state* habeas petition, petitioner filed the instant petition on April 14, 2008.

## DISCUSSION

In support of his Motion to Dismiss, respondent WALKER contends that the instant petition should be dismissed for several reasons. First, WALKER notes that, in contravention to Rule 2(e) of the Rules Governing §2254 Cases, the instant petition seeks to challenge two (2) separate judgments of conviction. These convictions, as outlined above, occurred in Putnam County, Georgia in 1992 and 2007.

With regard to the 1992 conviction, the respondent points out that the petitioner's challenge was presented in this court in March of 2003 and was dismissed *with prejudice* as untimely filed. As such, respondent contends that this court does not have jurisdiction over the petition on the basis that it is successive and because the petitioner has not applied for or received authorization from the circuit court of appeals to proceed as required by 28 U.S.C. §2244(b)(3)(A). Moreover, respondent contends that even if the petition were not found to be successive, it would now clearly be untimely filed and thus improperly before the court. The undersigned agrees.

Having reviewed the record in this case, it is clear that the instant (and clearly untimely) challenge to the 1992 conviction was brought before this court on March 19, 2003, was considered by the court, and was dismissed *with prejudice*. As petitioner ADAMS has failed to show that he sought and received authorization from the circuit court of appeals to proceed with this challenge, the court is without the jurisdiction to entertain the same. Accordingly, IT IS RECOMMENDED that those portions of the instant petition pertaining to the above-described **1992** conviction be **DISMISSED**.

With regard to the petitioner ADAMS's challenge to his **2007** conviction, respondent WALKER avers that the grounds contained therein are unexhausted and, as such, should be dismissed. In support of this argument, he points out that, in the instant petition, the petitioner appears to challenge the 2007 conviction on the basis that (1) the sentence he received is not justified by the amount of cocaine he possessed, (2) the part of his sentence banishing him from Putnam County following his release from prison is improper because it is not specifically listed in the statutory range of punishment for the offense, and (3) the state court's response to his motion to modify/reduce sentence was not timely or sufficient. These claims, according to respondent, are different from those that the petitioner raised in the aforementioned motion to modify/reduce. In the motion to modify/reduce, petitioner ADAMS did complain about the propriety of the banishment sentence but did not address the other claims. Moreover, the respondent notes that the petitioner has not yet filed a state habeas petition on *any* of the aforementioned claims. Consequently, the respondent concludes that the petitioner's challenge to his 2007 conviction should be dismissed.

In his response, which is very difficult to understand as it is presented in a non-logical format which intertwines and reiterates his challenges to both the 1992 and 2007 convictions, the only relevant argument which the undersigned can discern relates to the availability of state remedies. It appears that the petitioner is arguing that due in part to his lack of success in challenging his 1992 conviction through a post-conviction motion and state habeas action, state remedies for his 2007 conviction are either ineffective or unavailable, thus making the petition exhausted for purposes of federal review. Such is simply not the case. There is no evidence to suggest that the petitioner has been or will be precluded from filing a state habeas action wherein he can challenge his 2007 conviction. Accordingly, the undersigned agrees with the respondent's argument and finds that petitioner ADAMS has failed to exhaust his available state remedies with regard to his 2007 conviction as required by 28 U.S.C.A. §2254(b). Accordingly, IT IS RECOMMENDED that the respondent's MOTION TO DISMISS be **GRANTED** as to petitioner's **2007** conviction.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to the recommendations hereinabove set forth with the district judge to whom this case is assigned, **WITHIN TEN (10) DAYS** after being served with a copy thereof. The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

Also before the court are petitioner's MOTION TO DISMISS RESPONDENT'S MOTION TO DISMISS (Tab #33), MOTION FOR PRELIMINARY INJUNCTION (Tab #35), MOTION TO AMEND (Tab #36), and MOTION TO AMEND THE MOTION FOR PRELIMINARY INJUNCTION (Tab #38). In view of the above, **IT IS RECOMMENDED** that petitioner's motion seeking a preliminary injunction be **DENIED** as moot. With regard to petitioner's motions seeking to amend and to dismiss, it is **ORDERED** that these motions be **DENIED** as moot.

**SO ORDERED AND RECOMMENDED**, this 11th day of FEBRUARY 2009.



　　　　　　　　　　　　　　　　　　　　CLAUDE W. HICKS, JR.
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE