THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ALLEN A. ADAMS, | : | |
| | : | |
| Petitioner, | : | Civil Action |
| | : | No. 5:08-cv-123 (CAR) |
| v. | : | |
| | : | Petition for Writ of Habeas Corpus |
| VICTOR WALKER, | : | 28 U.S.C. § 2254 |
| | : | |
| Respondent. | : | |
| _____ | : | |

*ORDER ON PETITIONER'S MOTION FOR RECONSIDERATION*

Before the Court are the following Motions filed by Petitioner, proceeding *pro se*: (1) Motion for Amended Parts to Previously File Note Pursuant to Federal Rule of Civil Procedure 15 [Doc. 58]; (2) Motion for Reconsideration [Doc. 59]; and (3) Motion for a Supplement Complaint [Doc. 60]. For the following reasons, Plaintiffs' Motion for Reconsideration [Doc. 59] is **DISMISSED for lack of jurisdiction**. Petitioner's remaining Motions [Docs. 58 and 60] are **DENIED as moot**.

Petitioner initiated the instant habeas corpus proceeding on April 14, 2008, challenging both his 1992 and 2007 convictions. On March 23, 2009, Judgment was entered dismissing his claims regarding his 1992 conviction as untimely and dismissing his claims regarding his 2007 conviction for failure to exhaust administrative remedies. Almost two months later, Petitioner filed the current Motion for Reconsideration, wherein he continues to challenge the validity of his sentence.

The Court construes Petitioner's Motion for Reconsideration as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).[1] Rule 60(b) provides a limited basis for relief for a party

---

[1] Petitioner's Motion cannot be construed pursuant to Fed. R. Civ. P. 59(e) because it was filed more than ten (10) days after Judgment was entered.

1

seeking relief from a final judgment.  Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007).

In the context of a habeas action, the Supreme Court has held that a Rule 60(b) motion that "seeks

to add a new ground for relief," or "attacks the federal court's previous resolution of a claim on the

merits," constitutes a second or successive habeas petition and therefore subject to successive

petition restrictions.  Gonzalez v. Crosby, 545 U.S. 524, 532 (2005).  Conversely, where a Rule

60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits,

but some defect in the integrity of the federal habeas proceedings," the motion should not be

considered a second or successive habeas petition."  Id.

Petitioner's Motion clearly attacks the substance of the Court's resolution of his claims on

the merits.  Here, as in his original petition, Petitioner continues to assert that his sentence was

imposed illegally in violation of his due process rights and in violation of United States v. Booker,

543 U.S. 220 (2005).  Thus, his Motion for Reconsideration must be dismissed a successive petition,

as this Court is without jurisdiction to consider it.  See Gonzalez, 545 U.S. at 532; see also 28 U.S.C.

§ 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section

2254 that was presented in a prior application shall be dismissed.").  In order for this Court to have

jurisdiction to entertain his successive petition, Petitioner must move the Eleventh Circuit Court of

Appeals for an order authorizing this Court to entertain his successive petition.  Williams, 510 F.3d

at 1294. Petitioner's remaining Motions are denied as moot.

**SO ORDERED**, this 7th day of October, 2009.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH

2